IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| STEPHANIE JEWEL WILSON,<br><br>                 Plaintiff,<br>    vs.<br><br>STATE OF HAWAII; HONOLULU POLICE DEPARTMENT; CRIMESTOPPERS HONOLULU; HAWAII DEPARTMENT OF PUBLIC SAFETY; and HAWAII STATE SHERIFFS OFFICE,<br><br>                 Defendants. | CIV. NO. 18-00297 JMS-RLP<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE |

## ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS WITHOUT PREJUDICE

On August 6, 2018, pro se Plaintiff Stephanie Jewel Wilson ("Plaintiff"), filed a Complaint against various state and local law enforcement entities, and an Application to Proceed in District Court Without Prepaying Fees or Costs[1] ("IFP Application"). ECF Nos. 1-2. After careful review, the IFP Application is DENIED without prejudice, and Plaintiff is GRANTED leave to re-file a new IFP Application.

---

[1] This type of request is commonly referred to as one to proceed *in forma pauperis* ("IFP").

Federal courts can authorize the commencement of any suit without prepayment of fees or security, by a person who submits an affidavit that includes a statement of all assets the person possesses, demonstrating he is unable to pay such costs or give such security. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state the facts as to affiant's poverty with some particularity, definiteness and certainty" (internal quotation omitted)).

When reviewing a motion filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While § 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

From a review of Plaintiff's Application, the court cannot discern whether Plaintiff is unable to pay the court fees to commence this action. Plaintiff

indicates that she receives "SSI" income, but neglects to indicate the amount of her monthly SSI income. IFP Application ¶ 3. Plaintiff also fails to indicate whether she has a checking and/or savings account, and if so, the amount of money in such accounts. *Id.* ¶ 4.

Without such information, Plaintiff has not established that she satisfies the requirement of poverty. Accordingly, Plaintiff's IFP Application is DENIED. However, Plaintiff is granted leave to re-file a new, fully-completed IFP Application.

By September 14, 2018, Plaintiff must do one of the following: (1) re-file a fully-completed IFP Application specifying her monthly income and the value of any bank account as set forth above; or (2) pay the $400 filing fee. Failure to comply with (1) or (2) will result in automatic dismissal of this action.

Based on the foregoing, the court DENIES Plaintiff's IFPApplication without prejudice. Plaintiff is GRANTED leave to re-file a new, fully-completed IFP Application or pay the $400 filing fee by September 14, 2018. The Clerk of Court is DIRECTED to provide Plaintiff a copy of the court's Application to

///

///

///

///

Proceed in District Court Without Prepaying Fees and Costs with this order.  Any new IFP Application must be completed in full.

        IT IS SO ORDERED.

        DATED:  Honolulu, Hawaii, August 14, 2018.



        /s/ J. Michael Seabright
        J. Michael Seabright
        Chief United States District Judge

*Wilson v. State of Hawaii, et al.*, Civ. No. 18-00297 JMS-RLP, Order Denying Plaintiff's Application To Proceed In Forma Pauperis Without Prejudice